UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WASHINGTON SQUARE SECURITIES, INC.,

Plaintiff,

v.

CAMERON BENTON,

Defendant.

CIVIL NO. 02-345 (DSD/JMM)

ORDER/PRETRIAL SCHEDULING ORDER

The Parties were ordered to appear at a pretrial conference to be held on April 5, 2002. Defendant failed to appear, and made no Motion to be allowed to refrain from appearing. Rule 16(f) of the Federal Rules of Civil Procedure provides in relevant part that "if no appearance is made on behalf of a party at a scheduling or pretrial conference" the Judge may impose sanctions. We are aware that Defendant is proceeding pro se in this matter, however "*pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852, 856 (8th Cir. 1996).

IT IS HEREBY ORDERED AS FOLLOWS:

1. No later than May 1, 2002, Defendant shall pay to Plaintiff the sum of $50 as a sanction, pursuant to the provisions of Rule 16(f) of the Federal Rules of Civil Procedure.

2. Pursuant to Rule 16 of the Federal Rules of Civil Procedure and the Local Rules of this Court, and in order to secure the just, speedy and inexpensive

Filed APR 1 5 2002
Richard Sletten, Clerk
Judgment Entered __________
Deputy Clerk's Initials __________

determination of this action, the following schedule shall govern these proceedings. The schedule may be modified only upon formal motion and a showing of good cause as required by Local Rule 16.3.

Pleadings/Disclosures

| | |
|---|---|
| April 30, 2002 - | All pre-discovery disclosures required by Rule 26(a)(1) shall be completed. |
| May 1, 2002 - | All motions which seek to amend the pleadings or add parties must be served and filed. |

Discovery/Nondispositive Motions

| | |
|---|---|
| September 15, 2002 - | All non-expert discovery shall be commenced in time to be completed by this date. |

Disclosure of the identity of expert witnesses under Rule 26(a)(2)(A) and the full disclosures required by Rule 26(a)(2)(B), accompanied by the written report prepared and signed by the expert witness, shall be made as follows:

October 1, 2002 - By Plaintiff
October 15, 2002 - By Defendant

| | |
|---|---|
| November 1, 2002 - | All discovery of any kind shall be commenced in time to be completed by this date. |
| November 5, 2002 - | All non-dispositive motions and supporting documents, including those which relate to discovery, shall be served and filed. Nondispositive motions may be scheduled for hearing by calling Katherine Haagenson, Calendar Clerk to Magistrate Judge John M. Mason, (651) 848-1190. All nondispositive motions shall be scheduled, filed and served in compliance with Local Rules 7.1, 37.1 and 37.2. A Reply Memorandum not exceeding five pages may be delivered to opposing counsel and the chambers of this Court no later than 9:00 a.m. on the business day preceding the hearing. |

Dispositive Motions/Trial

| | |
|---|---|
| January 1, 2003 - | All dispositive motions shall be served and filed by the parties. Counsel are reminded that they must anticipate the time required for scheduling this hearing by calling Calendar Clerk Connie Baker, (612) 664-5063. All dispositive motions shall be scheduled, filed and served in compliance with Local Rule 7.1. See particularly Local Rule 7.1(b)(2)(A) through (E). |

This case shall be ready for Non-Jury trial at the conclusion of discovery or upon resolution of any dispositive motion, and no later than March 1, 2003.

General

The Court does not expressly limit the number of depositions or written discovery devices which may be employed by the parties. The attention of the parties is called to the provisions of Rule 26(g). If necessary, the Court will rule on objections to specific discovery. See also Rule 37(a)(4).

Each party may depose no more than 3 experts.

Each party may call no more than 3 experts at trial.

Dated: April 12, 2002

JOHN M. MASON
United States Magistrate Judge